UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 25, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Ebony P. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-1550-CDA

Dear Counsel:

On May 29, 2024, Plaintiff Ebony P. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11, 16-17). I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.     **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on October 22, 2020, alleging a disability onset date of June 1, 2019. Tr. 206-15. Plaintiff's claims were denied initially and on reconsideration. *Id.* at 105-09, 113-18. An Administrative Law Judge ("ALJ") held a hearing on August 3, 2023. *Id.* at 45-72. Following the hearing, on September 8, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. *Id.* at 26-44. On April 12, 2024, the Appeals Council denied Plaintiff's request for review, *id.* at 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on May 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Ebony P. v. Bisignano*
Civil No. 24-1550-CDA
September 25, 2025
Page 2

## II. THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since October 19, 2020, the application date." Tr. 31. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, personality disorder, depression, anxiety, and memory issues." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of lumbago, sciatica, and "any other condition, not specifically mentioned in this decision, but mentioned briefly in the record." *Id.* at 31-32. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 32. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] must avoid work at unprotected heights or around dangerous moving machinery (i.e. fork lifts, etc.). [Plaintiff] is able to understand and carry out simple instructions and routine, repetitive tasks and able to apply commonsense understanding to carry out detailed, but uninvolved, instructions. [Plaintiff] must avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). [Plaintiff] is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. [Plaintiff] is occasionally able to change activities or work settings during the workday without it being disruptive. [Plaintiff] is occasionally able to deal with changes in a routine work setting. [Plaintiff] is able to have occasional, non-collaborative, interaction with co-workers and is able to have superficial or incidental interaction with the general public.

*Id.* at 34. The ALJ determined that Plaintiff "is unable to perform any past relevant work" as a Bail Bond Agent (DOT[3] #186.267-010) but can perform other jobs that exist in significant numbers

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*,

in the national economy. *Id.* at 39. Therefore, the ALJ concluded that Plaintiff was not disabled since the date of filing, October 19, 2020. *Id.* at 40.

### III.     LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

According to Plaintiff, the RFC lacks the support of substantial evidence because the ALJ failed to properly evaluate the medical evidence regarding Plaintiff's mental health impairments. ECF 11, at 9-15. Plaintiff claims that the record consistently shows disabling mental health limitations, not benign or normal mental health findings. *Id.* at 9-11. Plaintiff argues that the ALJ "cherry-picked" evidence from the medical records generally showing normal or benign mental health limitations while ignoring findings documenting "fluctuations in Plaintiff's affective and emotional state that included sadness, anxiety, irritability, depression, hopelessness, and agitation; thought process disturbances related to judgment and insight, severely impaired memory function; deficits in attention and concentration; slowing of thought; and reduced mental energy." ECF 11, at 10. Plaintiff identifies more than thirty instances of such findings between April 2020 and July 2023. *See id.* at 11-14. Defendant counters that the ALJ conducted a thorough review of the record, properly evaluated the medical opinions, and adequately analyzed Plaintiff's subjective complaints. ECF 16, at 7-23.

"An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (internal quotation marks

---

and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Ebony P. v. Bisignano*
Civil No. 24-1550-CDA
September 25, 2025
Page 4

and citation omitted). Relevant evidence includes "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016). To avoid cherry-picking facts, the ALJ must include "a discussion of which evidence [they] found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (internal quotation marks and citation omitted). An ALJ "is required to balance the record evidence[.]" *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023).

Plaintiff's contentions fall short. The ALJ relied on some of the same instances Plaintiff alleges they failed to consider. Not only that, the ALJ identified more evidence supporting their conclusion that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her mental health symptoms were inconsistent with the medical evidence and record. *See* Tr. 35, 37. For example, the ALJ noted that Plaintiff presented with sadness and worry in April 2021. *Id.* at 36. Next, the ALJ observed that two months later, Plaintiff presented as irritable and exhibited "an anxious mood with sad affect and moderate disturbance in judgment and insight[.]" *Id.* The ALJ referenced February 2022 and August 2022 treatment records describing Plaintiff's memory loss and deficits in attention and concentration. *See id.* at 36-37. The ALJ recognized that in January 2023, Plaintiff reported mood swings and agitation. *Id.* at 37. The ALJ further considered Plaintiff's subjective complaints regarding her memory issues, anxiety, and depression. *See id.* at 35. But the ALJ did not stop there. They recounted numerous times between April 2020 and July 2023 where Plaintiff presented with intact memory, full orientation, excellent insight and judgment, and unremarkable thought processes. *See id.* at 36-37. On several occasions, Plaintiff denied suicidal ideation and symptoms of anxiety or depression. *Id.* at 36. The ALJ further identified various times in the treatment records where Plaintiff reported significant improvement in her irritability, mood, and energy. *See id.* at 36-37.

In light of this evidence, the ALJ concluded that:

> As for [Plaintiff]'s statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because treatment for [Plaintiff]'s allegedly debilitating conditions has conservative and routine with few if any recommendations for inpatient care, emergent treatment, intensive in-home care, other crisis based mental health services, or other more aggressive treatment options that would be expected for limitations of the degree alleged. Records indicate that [Plaintiff] has been in therapy regularly working on coping skills and interpersonal interactions and that she has received routine medication management with notes showing good symptom control (Exhibit 9F, 5F, 8F). More recent treatment notes indicate that [Plaintiff] has reported significant improvement with treatment (Exhibit 9F). Mental status exams have been consistently benign with [Plaintiff] exhibiting unremarkable thought processes with appropriate thought content, good attention and concentration, unremarkable perception, and intact memory (Exhibit 9F, 11F, 6F, 5F). These factors coupled with her extensive

> activities of daily living that include serving as the neighborhood Block Captain in 2021, living independently, shopping, performing chores support the finding that [Plaintiff] is not as limited as assessed.
>
> Despite these inconsistencies, in reconjoin of her mental health diagnoses[,] the undersigned has included notations in the [RFC] regarding exposure to hazards, task and instruction complexity, work pace, time on task, workplace changes, and social interaction in the [RFC].

*Id.* at 37.

Contrary to Plaintiff's contention, the ALJ weighed the record evidence as required and "ma[de] reasonable factual findings" that Plaintiff's mental health impairments are not as severe as alleged. *Kimberly S. v. Comm'r, Soc. Sec.*, No. 23-1404-EA, 2024 WL 5007372, at *7 (D. Md. Dec. 3, 2024). In reaching their conclusion, the ALJ acknowledged complaints and records addressing Plaintiff's mood, memory, attention, concentration, and judgment issues, while also noting Plaintiff's reports of significant improvement in those areas with therapy and medication. The Court therefore declines Plaintiff's invitation to reweigh the evidence. *See Drumgold v. Commissioner of Soc. Security*, 144 F.4th 596, 605 (4th Cir. 2025) ("We do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for the ALJ's. Thus, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." (internal quotation marks, citations, and alterations omitted)). Accordingly, remand is unwarranted.

## V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge