**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Ebony P. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-01550-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Ebony P. ("Plaintiff") filed a Motion to Reconsider (the "Motion") the Court's September 25, 2025 Memorandum Opinion and Order (the "September 25, 2025 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 20. Defendant did not file a response in opposition. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY the Motion.

## I. LEGAL STANDARD

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks and citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on May 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

## II. ANALYSIS

Plaintiff contends that reconsideration is warranted because the Court's September 25, 2025 Decision "does not address or resolve the issues raised in Plaintiff's Brief and Plaintiff's Response to Defendant's Brief and the respective arguments therein." ECF 20, at 1. Specifically, Plaintiff's argument is two-fold. First, she argues that "[t]he factual record and the standard of review described in the Opinion do not support [the] outcome." *Id.* at 2. Second, she avers that the "ALJ failed to build an accurate and logical bridge that connects the evidence to the conclusions reached." *Id.*

Plaintiff's first argument centers on the ALJ's categorization of her mental status findings as benign or unremarkable because the ALJ found that Plaintiff's examinations reflected consistently benign results. *Id.* Plaintiff insists that this finding is irreconcilable with the record. *Id.* at 3. The Court finds this argument unavailing. As noted in the September 25, 2025 Decision, "the ALJ weighed the record evidence as required and 'ma[de] reasonable factual findings' that Plaintiff's mental health impairments are not as severe as alleged." September 25, 2025 Decision, ECF 18 (quoting *Kimberly S. v. Comm'r, Soc. Sec.*, No. 23-1404-EA, 2024 WL 5007372, at *7 (D. Md. Dec. 3, 2024). Despite Plaintiff's assertion that the ALJ did not consider all the evidence, the record makes clear that the ALJ considered not only the "consistent" mental examinations of the Plaintiff, but also Plaintiff's reported mood swings and agitation and subjective complaints regarding her memory issues, anxiety, and depression. Tr. 37, 35. The ALJ also observed that the Plaintiff presented as irritable and exhibited "an anxious mood with sad affect and moderate disturbance in judgment and insight[.]" Tr. 36. The Court concluded that "[i]n reaching their conclusion, the ALJ acknowledged complaints and records addressing Plaintiff's mood, memory, attention, concentration, and judgment issues, while also noting Plaintiff's reports of significant improvement in those areas[.]" September 25, 2025 Decision, at 5. The Court declined to reweigh the evidence as "[w]e do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for the ALJ's. Thus, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.* (quoting *Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 605 (4th Cir. 2025)).

Second, Plaintiff insists that the ALJ failed to provide a narrative discussion explaining Plaintiff's off-task limitations. ECF 20, at 3. Even if the ALJ could have provided a more robust narrative discussion pursuant to SSR 96-8p, such a failure alone does not control the outcome. *See* September 25, 2025 Decision, at 4. It remains Plaintiff's burden to articulate why this failure warrants remand. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. Sept. 20, 2016) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis); *cf. Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (the applicant bears the burden of production

and of proof during the first four steps of the inquiry). Accordingly, where, as here, there is no evidence that a more robust analysis would lead to a different (or more Plaintiff-favorable) result, an ALJ's apparent lack of narrative discussion constitutes harmless error. *See Turner v. Colvin*, No. 13-0761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, No. 13-0761, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."); *see also Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("Having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, [Plaintiff] has shown no basis for remand."). At bottom, Plaintiff asks the Court to "rethink what the Court had already thought through–rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. As such, the Motion fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 20, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge